IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACOB HARPER,

 Petitioner,

 v. CASE NO. 2:08-CV-967
  JUDGE WATSON
  MAGISTRATE JUDGE KING

MICHAEL SHEETS, Warden,

 Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, respondent's return of writ and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> By indictment filed October 17, 2004, defendant was charged with two counts of aggravated vehicular homicide in violation of R.C. 2903.06, one a second-degree felony and one a third-degree felony, but both with a specification pursuant to R.C. 2941.1413. The charges arose out of defendant's head-on car collision that resulted in the death of a peace officer. As a result of the same incident, defendant also was charged with one count of operating a motor vehicle with a prohibited breath alcohol concentration and one count of driving a motor vehicle while impaired, both misdemeanors of the first degree and violations of R.C. 4511.19.

Although defendant initially entered a not guilty plea to the charges, defendant changed his plea to guilty to the first count of the indictment; in exchange, the prosecution entered a nolle prosequi to the remaining counts. In his guilty plea form, filed in the trial court, defendant acknowledged the maximum sentence to be eight years, plus a mandatory five years on the specification, for a total of 13 years. Similarly, in accepting defendant's guilty plea, the trial court informed defendant of the maximum penalty. At sentencing on August 5, 2005, the trial court, applying R.C. 2929.14(C), expressed its inability to determine that the police officer's death in this case rendered defendant's actions a form of the offense worse than a violation resulting in the death of any other person. The court, however, determined defendant posed the greatest likelihood of recidivism and sentenced defendant to the maximum term of 13 years.

Defendant appealed, asserting in his first assignment of error that the trial court erred in imposing the maximum penalty. His second assignment of error contended under *Blakely v. Washington* (2004), 542 U.S. 296, that the trial court erred in imposing the maximum sentence based on facts to which the defendant did not stipulate. Pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, this court sustained the second assignment of error, rendering moot the first assignment of error, ordered defendant's sentence be vacated, and remanded the matter to the trial court for resentencing pursuant to *Foster*. *State v. Harper*, Franklin App. No. 05AP-907, 2006-Ohio-1653.

Subsequent to this court's opinion, and prior to resentencing, defendant filed a motion to withdraw his guilty plea. Contending the plea was a pre-sentence motion pursuant to Crim.R. 32 .1, defendant asserted he entered the guilty plea on the premise that the trial court could not impose a maximum sentence "unless the court found that, pursuant to R.C. Section 2929.14, the defendant had committed the worst form of the offense or was at great risk of offending again in the future." (Motion to Withdraw Guilty Plea, 2.) Defendant asserted that, because counsel advised the stipulated facts would limit the trial court's ability to justify a maximum sentence, he decided to waive his right to a jury trial and to enter a guilty plea.

> Even though counsel's advice was accurate on the date it was given, defendant's motion argued that the decision in *Foster* resulted in a change in the law. He asserted that he had to be advised about the propriety of a plea under the current law, and that he was entitled to withdraw his guilty plea and "decide once again if he wishes to waive his trial rights and plead guilty." *Id.* at 6. According to defendant, "denial of this motion to withdraw the guilty plea would result in an involuntary waiver of the right to trial by jury, the effective assistance of counsel and fundamental fairness." *Id.*
>
> Prior to resentencing, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea, allowing defendant to testify in support of the motion. Following oral argument from counsel, the trial court denied the motion, concluding defendant was not misled about the sentence, but simply disliked the sentence imposed. As the court stated, "defendant understood that he could receive the maximum sentence under the old scheme, and he did receive that sentence." (June 14, 2006 Tr. 18.) The court further noted that the remedy accompanying *Foster* was resentencing, not withdrawal of the guilty plea. The trial court observed that if defendant's argument were persuasive, any change in the law "would open up our prison doors and retry thousands of cases based upon future change" in the law. *Id.* at 19. In resentencing defendant, the trial court again imposed the maximum penalty.

*State v. Harper*, 2007 WL 1536825 (Ohio App. 10th Dist. May 29, 2007). Petitioner filed a timely appeal:

> Defendant appeals, contending the trial court erred in denying his motion to withdraw his guilty plea. In the course of the parties' discussing the assigned error, several issues arise: (1) whether the motion should be deemed a pre-sentence or post-sentence motion; (2) whether the trial court could exceed the bounds of this court's remand instruction and consider the motion to withdraw defendant's guilty plea; and (3) whether the change effected through *Foster* provides a basis for defendant to withdraw his guilty plea.

*Id.* On May 29, 2007, the appellate court affirmed the judgment of the trial court. *Id.* On October 24, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Harper*, 115 Ohio St.3d 1442 (2007).

Through counsel, on October 15, 2008, petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The Fifth, Sixth and Fourteenth Amendments to the United States Constitution are violated by an involuntary plea where the rights waiver was based upon counsel's advice to the defendant, and the defendant's understanding that the statutory law at the time of the rights waiver (in this case, August 1, 2005) limited the judge's discretion to impose a maximum sentence, and that statute is subsequently declared unconstitutional prior to the imposition of sentence (in this case, June 14, 2006) leaving the sentencing court free to impose a maximum sentence where it could not have done so before, thus rendering counsel's advice inaccurate and the defendant's understanding incorrect. This violates the defendant's right to due process because the plea is involuntary, and his right to the effective assistance of counsel because he relied on his attorney's advice when waiving his rights.
>
> 2. The defendant's Fourteenth Amendment right to due process of law and fundamental fairness is violated where the state court refuses to allow him to withdraw his plea of guilty prior to sentencing after he has established manifest injustice within the meaning of Rule 32.1 Ohio Rules of Criminal Procedure by proving that his plea was based upon his attorney's explanation of the statutory law at the time he waived his rights, and that law changed to his detriment prior to sentencing.

4

It is the position of the respondent that petitioner's claims are without merit.

## CLAIM ONE

In claim one, petitioner asserts that his guilty plea was not knowing, intelligent and voluntary because, at the time he pleaded guilty, Ohio law required the trial judge to make judicial fact findings prior to imposing the maximum sentence; however, at the time the trial court re-sentenced him, after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(invalidating fact-finding provisions of Ohio's sentencing statutes as violative of *Blakely v. Washington*, 542 U.S. 296 (2004)), the trial court was not required to make any factual findings prior to imposing the maximum sentence. Petitioner additionally asserts in claim one that he was denied the effective assistance of counsel because his attorney's advice, at the time petitioner entered his guilty plea, was based on state law that thereafter changed. The state appellate court rejected this claim as follows:

> In essence, defendant contends the change in law effected through the Supreme Court's decision in *Foster* means his plea was not knowingly, intelligently and voluntarily given. Initially, we note defendant does not contend his plea was invalid under the law as it existed at the time of his plea. Indeed, defendant admitted he knew at the time of his plea that, while he hoped for a minimum sentence, a maximum sentence was "very well possible." (June 14, 2006 Tr. 12.) Nor does the record suggest defendant was coerced or lacked the intelligence to appreciate the significance of the range of sentences. Instead, the *Foster* decision is the sole premise in support of his motion to withdraw his plea. Significant to resolution of defendant's assignment of error, defendant's disappointment in or dissatisfaction with the sentence imposed is not alone a basis for granting his motion to withdraw his guilty plea. *State v. Glass,* Franklin App. No. 04AP967, 2006-Ohio-229, at ¶ 20.

5

> Contrary to defendant's contentions, "a voluntary plea of guilt intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States* (1970), 397 U.S. 742, 757. While we are aware of no Ohio court that has had the opportunity to apply that principle to a resentencing following *Foster,* federal cases following the Supreme Court's decision in *United States v. Booker* (2005), 543 U.S. 220 have applied *Brady* to preclude a finding that a plea entered under then existing law is invalid due to a judicial change in the law. See *United States v. Bradley* (C.A.6, 2005), 400 F.3d 459; *United States v. Roque (C.A.2,* 2005), 421 F.3d 118, 123 (collecting cases). Because the change of law *Booker* caused is functionally equivalent to that *Foster* caused, the federal courts' application of *Brady* is instructive here: the subsequent change in law that *Foster* made does not alone invalidate defendant's guilty plea. Defendant therefore fails to present a legitimate and reasonable basis to withdraw his guilty plea. Although defendant also asserts that his plea should be withdrawn for ineffective assistance of counsel, defendant admits that at the time the plea was entered, his counsel advised him correctly; only subsequent changes brought about through *Foster* cause defendant to question the advice counsel gave him.
>
> Because under these circumstances the subsequent change in the law, as a matter of law, does not constitute a legitimate and reasonable basis for defendant to withdraw his guilty plea, we need not remand this matter to the trial court to apply a pre-sentence analysis to defendant's motion. For the reasons set forth here, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

*State v. Harper, supra*.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not

7

> find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " '*Boykin* does not require separate enumeration of each right waived and separate waivers as to each." ' *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988)(quoting *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir.1975). It is not necessary that the defendant consciously waive each potential defense relinquished by a plea of guilty. *United States v. Broce,* 488 U.S. 563 (1989). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."' *Sparks*, 852 F.2d at 885 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id.* A defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976).

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable

8

> barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson,* at 267. The two-part test of counsel ineffectiveness announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders,* 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. Petitioner has failed to meet this standard here.

Petitioner signed an *Entry of Guilty Plea* form indicating that he understood that he could be sentenced to thirteen years incarceration. *Exhibit 2 to Return of Writ*. The

9

maximum sentence he faced, as well as a mandatory prison term, was also discussed at the time of his guilty plea. *Guilty Plea Transcript*, at 3. Petitioner indicated that he wanted to plead guilty. *Id.*, at 6. He had no questions about the charge. He had read and discussed with his attorney the *Entry of Guilty Plea* form, and had no questions about the form. *Id.*, at 7. The trial court advised petitioner of all of the rights that he was waiving by the entry of his guilty plea. Petitioner at all times indicated that he understood. *Id.*, at 8-16. He agreed with the stipulated statement of facts regarding the offenses charged and admitted that those facts were true. *Id.*, at 14-15. Petitioner had sufficient time to discuss the case, and all the matters surrounding it, with his attorney. He was satisfied that counsel's advice, counseling and representation were in his best interest, and he was satisfied with the representation of his counsel. *Id.*, at 16. No one had forced him, threatened him, or made any additional promises to induce his guilty plea. *Id.*, at 16-17. The trial court advised petitioner that he faced a maximum term of thirteen years in prison. *Id.*, at 17. Petitioner indicated that he understood. The trial court imposed the maximum term of thirteen years. *Id.*, at 44-45.

At his re-sentencing hearing, petitioner stated that, had he "known that the court's discretion to impose sentence was unlimited" he would not have pleaded guilty. *Re-Sentencing Hearing Transcript*, at 8-9. He had hoped for an aggregate sentence of seven years incarceration. *Id.*, at 11. He recognized at the time of his initial sentencing hearing, however, that the trial court might impose a maximum sentence. He pleaded guilty in an attempt to prevent that from happening. *Id.*, at 12. The trial court denied petitioner's

10

motion to withdraw his guilty plea and re-sentenced him to thirteen years incarceration. *Id.*, at 30.

The record reflects that petitioner's guilty plea was knowing, intelligent, and voluntary. He understood that he face a maximum term of thirteen years incarceration both before, and after, *Foster*. *See e.g. Sanchez v. Konteh*, 2009 WL at *2 (N.D. Ohio March 4, 2009)(rejecting this same argument).

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, cf. *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

*Brady v. United States*, 397 U.S. 742, 756-757 (1970); *see also United States v. Bradley*, 400 F.3d 459, 463-464 (6th Cir. 2005)(rejecting argument that guilty plea was invalid because United States Supreme Court subsequently declared that United States Sentencing Guidelines were advisory, rather than mandatory).

Petitioner has failed to establish that the state appellate court's rejection of his first claim was unreasonable so as to warrant federal habeas corpus relief. *See* 28 U.S.C. §2254(d), (e); *Williams v. Taylor, supra*.

Claim one is without merit.

## CLAIM TWO

In claim two, petitioner asserts that he was denied due process because the state trial court denied his motion to withdraw his guilty plea under Ohio Criminal Rule 32.1 after he had established a manifest injustice. This claim raises only an issue regarding the alleged violation of state law; the claim fails to present an issue appropriate for federal habeas corpus review.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988).

Claim two is likewise without merit.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

March 9, 2010                              _s/Norah McCann King_
                                           Norah McCann King
                                           United States Magistrate Judge