**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Jacob Harper,

      Petitioner,

v.

      Case No. 2:08-cv-967

Michael Sheets, Warden,

      Judge Michael H. Watson
      Magistrate Judge King

      Respondent.

## OPINION AND ORDER

On March 9, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Doc. No. 7. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 8.

Petitioner objects to all of the Magistrate Judge's recommendations. He again argues that his guilty plea was not knowing, intelligent or voluntary, and that he was denied due process when he was not permitted to withdraw his guilty plea; petitioner bases these claims on the fact that, at the time he entered his guilty plea, an Ohio trial judge was required to make factual findings prior to imposing the maximum sentence but, at the time he was re-sentenced pursuant to *State v. Foster*, 109 Ohio St.3d 1 (2006), the Ohio trial judges were no longer required to do so. According to petitioner, he would not have pleaded guilty had he known that his trial judge would not be required to make factual findings prior to the imposition of a maximum term of incarceration. *See Objections.*

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the record. Upon consideration of the entire record and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded by petitioner's arguments. The record reflects that petitioner's guilty plea was knowing, intelligent, and voluntary. Although petitioner hoped that the trial court would impose an aggregate sentence of seven years incarceration, he recognized at the time of his guilty plea and initial sentencing hearing that the trial court could impose the maximum sentence. Petitioner will not now be heard to argue that he entered his guilty plea without realizing that he could be subject to the maximum sentence. There is therefore no basis for concluding that his guilty plea was not knowing, intelligent and voluntary. The fact that, after petitioner entered his guilty plea, the Ohio Supreme Court in *State v. Foster, supra*, changed Ohio's sentencing statutes to conform to *Washington v. Blakely*, 542 U.S. 296 (2004), did not render his guilty plea invalid.

Therefore, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.

_____
Michael H. Watson, Judge
United States District Court